**UNITED STATES of America,
Plaintiff,**

v.

**PABST BREWING COMPANY, Schenley
Industries, Inc., The Val Corporation, Defendants.**

No. 59–C–215.

United States District Court
E. D. Wisconsin.

April 7, 1960.

Earl A. Jinkinson, Francis C. Hoyt, Dept. of Justice, Antitrust Div., Chicago, Ill., Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiff.

John T. Chadwell, Snyder, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., Ray T. McCann, Milwaukee, Wis., for Pabst Brewing Co.

Robert S. Marx and Roy G. Holmes, Nichols, Wood, Marx & Ginter, Cincinnati, Ohio and Ralph M. Hoyt, Milwau-

kee, Wis., for Schenley Industries and The Val Corp.

TEHAN, Chief Judge.

On October 1, 1959, the plaintiff, United States of America, filed its complaint against the defendants, Pabst Brewing Company, Schenley Industries, Inc., and The Val Corporation, alleging that the acquisition by Pabst on or about July 30, 1958 of all the assets and business of Val, formerly Blatz Brewing Company, a wholly-owned subsidiary of Schenley, was violative of § 7 of the Clayton Act, Title 15 U.S.C.A. § 18. The plaintiff asked that the court adjudge the acquisition to be in violation of § 7, that Pabst be required to divest itself of the business and assets of Blatz, that Schenley and Val be required to divest themselves of all Pabst stock and enjoined from exercising any rights under stock purchase warrants received for the assets and business of Blatz, and that the plaintiff have such other relief as the court deems proper to restore the assets and business acquired from Blatz by Pabst as an independent competitive factor in the production and sale of beer. Both Schenley and Val have filed motions for summary judgments of dismissal as to them.

The agreement of sale which gave rise to this proceeding was executed by Pabst, Blatz and Schenley on or about July 30, 1958. Under the agreement, Pabst purchased the assets and business of Blatz for $11,000,000 in cash, $3,500,000 in debentures, 200,000 shares of Pabst common capital stock and a stock purchase warrant for 350,000 shares of Pabst common capital stock. The agreement was executed less than two weeks after a letter was sent from the Anti-Trust Division of the Department of Justice to the President of Blatz requesting information concerning the then proposed sale and stating that the acquisition of Blatz by Pabst raised certain questions under the anti-trust laws.

After the sale, Blatz changed its corporate name to the Val Corporation and was thereafter dissolved under the laws of Wisconsin effective on or about September 2, 1958. Its net assets, including most, if not all, of the consideration received by it from Pabst, were distributed to its sole stockholder, Schenley. Schenley has no interest in Pabst except as holder of the stock and stock purchase warrant received by Blatz as partial consideration for the sale to Pabst and subsequently distributed to Schenley upon the dissolution of Val.

The movants argue first that their joinder as parties defendant is improper since the complaint charges no violation by them of § 7 of the Clayton Act or of any other law. The Government concedes that the movants have been charged with no offense, but contends that they are proper parties to this proceeding for the purposes of relief.

■■■ In a proceeding under § 7 of the Clayton Act, the court has authority to grant relief not only against parties who are found to have violated that section, but also against other parties if such relief is necessary to eliminate the effects of an acquisition offensive to the statute. United States v. E. I. DuPont De Nemours & Company, D.C.N.D.Ill.E. D., 1959, 177 F.Supp. 1. All parties against whom relief may be granted may properly be joined as parties defendant.

The movants have admitted, albeit reluctantly, that neither of them would have to assume the burden of preparing for or participating in a trial of the merits. That either or both of them may elect to have an observer present at the trial is a matter for their own determination and is not entitled to consideration as a form of hardship.

■ Neither of the movants are strangers to the transaction which gave rise to this proceeding. Both were parties to the agreement of sale entered into on or about July 30, 1958. Both proceeded to a consummation of the sale with full knowledge of the fact that the Anti-Trust Division of the Department of Justice proposed to make a study of whether the transaction involved any violation of the anti-trust laws. The consideration for the sale of the assets and

222

business of Blatz went to Blatz, now Val, and most, if not all, of it was distributed to Schenley. Schenley still holds the stock and stock purchase warrants of Pabst which were part of the consideration for the sale. Because of the movants' close connection with the transaction here complained of, it is our opinion that, should the plaintiff prevail, some relief might be granted against them, and that they should be retained as parties pending determination of the relief, if any, to be granted.

The movants have further argued that they are not proper parties because should the court find that the acquisition of Blatz by Pabst was unlawful, no conceivable relief could now be granted against them, which would eliminate the effects of that acquisition. We believe that that argument is premature at this stage of the proceeding, and that the question of whether any effective relief can be granted against the movants must await the determination of the substantive issues.

The motions of the defendants, Schenley Industries, Inc. and The Val Corporation for summary judgments of dismissal as to them are denied.