**Wilfred H. GIBSON and Alice E. Gibson**

v.

**Arthur R. CANNON et al.**

**Civ. A. No. 70–2003.**

United States District Court,
E. D. Pennsylvania.
April 23, 1971.

Lawrence A. Brown, McTighe, Koch, Brown & Weiss, Norristown, Pa., for plaintiffs.

Howard L. Shecter, John H. Lewis, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant Philadelphia Suburban Corp.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

This action is brought under section 10(b) of the Securities Exchange Act of 1934 and rule 10b–5 issued thereunder by the Securities Exchange Commission, and is now before us on defendant Philadelphia Suburban Corporation's ("Phila-delphia Suburban") motion to dismiss and motion for summary judgment. For the reasons hereafter expressed, Philadelphia Suburban's motion for summary judgment will be granted.

The principal allegations of the complaint may be summarized briefly as follows: Plaintiffs, Wilfred and Alice Gibson, owned shares of stock in defendant Oliver B. Cannon & Son, Inc. ("Cannon"), by which Wilfred Gibson had been employed for a number of years. Following Wilfred Gibson's retirement as an employee of Cannon, an offer was made by Cannon and the other individual defendants to purchase plaintiffs' shares of stock. The offer was accepted and plaintiffs sold their stock to Cannon and to the individual defendants. Less than one week after the settlement date, Cannon announced that agreement had been reached for the acquisition of Cannon by Philadelphia Suburban. When that agreement was subsequently consummated, the shareholders of Cannon received a higher price per share in their exchange for stock in Philadelphia Suburban than the price received by the plaintiffs in their sale to Cannon and to the individual defendants.

The gravamen of the complaint is plaintiffs' allegation that Cannon and the individual defendants owed plaintiffs a fiduciary duty to disclose to them the existence of pending negotiations with Philadelphia Suburban, and that their failure to make such a disclosure was an act constituting a violation of section 10(b) and rule 10b–5. Plaintiffs concede that the complaint fails to allege any violation of the Securities Exchange Act by Philadelphia Suburban. However, the plaintiffs contend that Philadelphia Suburban should be joined as a defendant because otherwise plaintiffs cannot obtain full and adequate relief.

In essence, plaintiffs contend that if they are successful in their suit, adequate relief can only be obtained by the issuance of an injunction against Philadelphia Suburban restraining the latter from: (1) transferring on its books any

of its stock received by the individual defendants by reason of the merger and attributable to the shares acquired from the plaintiffs; and (2) making any dividend payments to the individual defendants by reason of their registered ownership of Philadelphia Suburban stock attributable to the shares acquired from the plaintiffs. Such relief will in essence be in aid of execution on a judgment or decree, much as though Philadelphia Suburban were made a garnishee in these proceedings. Philadelphia Suburban contends that joinder to effect such relief is improper and results in litigation which to it is vexatious, burdensome and expensive. Philadelphia Suburban also contends that such litigation against it has to be mentioned in its financial reports and in prospectuses, increasing the annoyance of the litigation.

Plaintiffs maintain that it is not necessary to allege any wrongdoing or statutory violation on the part of Philadelphia Suburban in order to properly join it where the relief sought affects that defendant. They cite no authority which holds that a corporation whose stock is the subject of a securities action may be made a defendant to that action. Instead, plaintiffs cite only the case of United States v. Pabst Brewing Co., 183 F.Supp. 220 (E.D.Wis.1960). In that case, the government sued Pabst Brewing Company, Schenley Industries, and Val Corporation, a subsidiary of Schenley, seeking an order that Pabst be required to divest itself of the business and assets of Val Corporation which were acquired by Pabst through the issuance of its stock allegedly in violation of section 7 of the Clayton Act. Both Schenley and Val filed a motion to dismiss, claiming that their joinder as defendants was improper, since the complaint charged no violation by them of section 7 of the Clayton Act. In denying the motion to dismiss, the court held:

> "In a proceeding under § 7 of the Clayton Act, the court has authority to grant relief not only against parties who are found to have violated that section, but also against other parties

if such relief is necessary to eliminate the effects of an acquisition offensive to the statute." *Id.* at 221.

The Court finds the *Pabst* case inapposite for three reasons: (1) in *Pabst*, both of the defendants seeking dismissal were parties to the very transaction which was the subject of the government's claim; (2) both of the moving defendants in *Pabst* participated in the merger with full knowledge of the fact that the Antitrust Division of the Department of Justice proposed to make a study of whether the transaction involved any violation of the antitrust laws; and (3) the only specific relief which the government sought was divestiture which could not be accomplished in the absence of Schenley and Val.

Unlike *Pabst*, in the instant case, Philadelphia Suburban was not a party to the alleged fraud in the sale of the securities. Furthermore, the presence of Philadelphia Suburban as a party is not necessary in order for the plaintiffs to secure judgment and satisfaction thereof.

We find no authority in the statute or the decided cases grounding a claim against Philadelphia Suburban.

■ Plaintiffs also contend that Fed. R.Civ.P. 20(a) permits joinder of Philadelphia Suburban in this action. We disagree. Although federal policy encourages efficient joinder in multiparty actions [Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir. 1965)], joinder may only be permitted where there is asserted against all the defendants, jointly, severally, or in the alternative, any right to relief. It is clear in this case that joinder is improper since the plaintiffs have no right to relief against Philadelphia Suburban. Joseph v. Farnsworth Radio & Television Corp., 99 F.Supp. 701 (S.D.N.Y.1951), aff'd per curiam, 198 F.2d 883 (2d Cir. 1952).

Defendant's pleading asks for relief either by a motion to dismiss or a motion for summary judgment. In addition to the pleadings, we have before us the plaintiff's deposition. No affidavits or counter-affidavits were filed notwith-

standing notice to all parties of the pendency of the motion. In his deposition, Mr. Gibson stated:

(1) that he had no evidence that Philadelphia Suburban had anything to do with his sale of Cannon stock (p. 38); and

(2) that he had no evidence that Philadelphia Suburban even knew about his sale of the Cannon stock (pp. 38–39).

It is clear from these answers and from our prior discussion that there is no genuine triable issue of a material fact in regard to defendant Philadelphia Suburban; nor is there any liability upon which Philadelphia Suburban may be maintained as a defendant in this action. Accordingly, we will treat the motion as one for summary judgment, and we enter the following order.